**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: November 02 2009**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 09-30996 |
| | ) | |
| Albert L. Mackey, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 09-3109 |
| | ) | |
| Stephen Sapp, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Albert Mackey, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER
### DENYING MOTION TO DISQUALIFY

This adversary proceeding is before the court on Defendant's Motion to Disqualify Marvin A. Robon and the Law Firm of Barkan & Robon, Ltd., ("Motion to Disqualify") [Doc. # 12], and Plaintiff's opposition [Doc. # 16]. At a pretrial conference held on August 18, 2009, at which counsel for both parties attended in person, the parties agreed that the court should decide the Motion to Disqualify on the briefs submitted in support of their positions and that a further hearing was not required. Although Defendant has also filed a motion to dismiss, the court concluded that the Motion to Disqualify should be determined before Plaintiff

would be required to respond to the motion to dismiss.

Defendant is the debtor in the underlying Chapter 7 bankruptcy case. In his complaint, Plaintiff seeks an order excepting from discharge a debt allegedly owed to him by Defendant and determining the validity of a mortgage. Defendant argues that litigation of issues raised in the complaint will require the testimony of Marvin A. Robon ("Robon"), Plaintiff's attorney, and other attorneys in the law firm of Barkan & Robon, Ltd. ("the Law Firm"), and that a conflict of interest exists between Plaintiff and Fortress Properties, Inc., a corporation of which the parties are shareholders. For the following reasons, Defendant's Motion to Disqualify will be denied.

## **BACKGROUND**

In his complaint, Plaintiff alleges four causes of action, the first three of which are the subject of Defendant's motion. In his first cause of action, Plaintiff alleges that he and Defendant were shareholders in Air-Ride, Inc., and, as such, owed a fiduciary duty to each other. He alleges that Defendant breached this duty and owes him a debt for fraud and defalcation while acting in a fiduciary capacity and for a willful and malicious injury as determined by a jury in an action brought in state court. Plaintiff further alleges that, after obtaining a jury verdict in his favor of over three million dollars, the parties entered into a settlement agreement ("Settlement Agreement"), and that "[t]he purpose of the Settlement Agreement was to resolve the matters set forth in the jury verdict and avoid an appeal." [Doc. #1, Complaint, ¶ 12-13]. He alleges that Defendant owes him the amount that remains unpaid under the Settlement Agreement. The Settlement Agreement, which is attached to the complaint, provides that Air-Ride and Defendant "have reached an agreement with [Plaintiff] to settle the claims which [Plaintiff] has asserted, or could assert, in the Civil Action [in state court] and other matters pertaining to Air-Ride and Fortress." [*Id*., Ex. B, p. 1].

In his second cause of action, Plaintiff alleges that he and Defendant each owned fifty percent of the shares of common stock in Fortress Properties, Inc. ("Fortress"), and, as such, that Defendant owed him a fiduciary duty. He alleges that, "without regard to his obligations under the Settlement Agreement or the Option Agreement [executed in connection with the Settlement Agreement]," Defendant sold real property belonging to Fortress and converted the funds he obtained for his own purposes and use. [*Id.* at ¶ 22]. Plaintiff further alleges that the sale "constituted fraud or defalcation while acting in a fiduciary capacity, and/or embezzlement and/or larceny," and a willful and malicious injury, a debt for which is owed to Plaintiff in the amount of his share of the proceeds from the sale of the real property. [*Id.* at ¶¶ 25-27].

In his third cause of action, Plaintiff alleges that claims against Fortress include a note signed by Defendant on behalf of Fortress that exceeds the mortgage amount permitted under the Settlement

2

Agreement and that Defendant "should be denied a discharge of the debt owed to [Plaintiff] because of his continual ongoing breaches of fiduciary duty and wrongful activities some of which were coupled with misrepresentation and fraud." [*Id.* at ¶ 29-30].

## DISCUSSION

The "rules regulating attorney conduct in federal court are strictly a matter of federal law." *Sheridan v. Michels (In re Sheridan)*, 362 F.3d 96, 109 n.16 (1st Cir. 2004); *see In re Desilets,* 291 F.3d 925, 931 (6th Cir. 2002). But neither party has directed the court to and the court is not aware of any federal statutes or rules or common law that provide specific federal standards for attorney disqualification on the grounds of conflict of interest and status as a witness. The Bankruptcy Code defines "disinterested person," 11 U.S.C. § 101(14), for purposes of employment of a professional person, including an attorney, by a trustee, 11 U.S.C. § 327; *see* 11 U.S.C. § 1107, 1103; Fed. R. Bankr. P. 2017(a). Plaintiff's counsel is not, however, employed by the trustee and is not being compensated by the estate. So the Bankruptcy Code definition of disinterestedness does not control in this case, or indeed provide any meaningful guidance to the court. The Local Bankruptcy Rules of the Northern District of Ohio provide that admission to practice and discipline in this court are governed by the Local Civil Rules of the United States District Court for the Northern District of Ohio. L.R. R. 2090-1, 2090-2. The Local Civil Rules of the United States District Court for the Northern District of Ohio provide that "[a]ttorneys admitted to practice in this Court shall be bound by the ethical standards of the Ohio Rules of Professional Conduct adopted by the Supreme Court of the State of Ohio, so far as they are not inconsistent with federal law." LR 83.7 (a). Since there are no relevant federal bankruptcy or other standards that govern the issue before the court, the court will apply the Ohio Rules of Professional Conduct as directed by the applicable local rules of practice. *See In re Desilets*, 291 F.3d at 929 (federal courts often reference state rules in their requirements, but need not do so); *In re Lucas,* 317 B.R. 195, 200 (D. Mass. 2004) (applicable federal law incorporates state law, including Massachusetts Rules of Professional Conduct).

Ohio courts have recognized that "disqualification of an attorney is a drastic measure that should not be taken unless absolutely necessary." *Brown v. Spectrum Networks, Inc.*, 180 Ohio App. 3d 99, 103 (2008); *Spivey v. Bender*, 77 Ohio App. 3d 17, 22 (1991). The burden of proving that disqualification is necessary is on the moving party. *Brown,* 180 Ohio App. 3d at 104. Defendant moves for disqualification of Robon and the Law Firm under Rules 3.7 and 1.7 of the Ohio Rules of Professional Conduct.

First, Defendant argues that Plaintiff's complaint calls into question the origination and terms of the Settlement Agreement and that the testimony of Robon and other attorneys in the Law Firm involved in the

3

negotiation and preparation of the Settlement Agreement will be necessary in litigating these issues. Rule 3.7 provides in pertinent part as follows:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case;
> (3) the disqualification of the lawyer would work *substantial* hardship on the client. (emphasis in original).
>
> (b) A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's *firm* is likely to be called as a witness unless precluded from doing so by Rule 1.7 or 1.9.

To meet the necessity requirement under Rule 3.7, Defendant must demonstrate that Robon's testimony "is relevant and material to the determination of the issues being litigated and unobtainable elsewhere." *Brown*, 180 Ohio App. 3d at 105.

In Plaintiff's first cause of action, he seeks a determination that the debt owed to him by Defendant in connection with the Settlement Agreement is nondischargeable as a debt for fraud and defalcation while acting in a fiduciary capacity and for a willful and malicious injury as allegedly determined in his state court action. Because the Settlement Agreement states that it is an agreement to resolve not only claims Plaintiff asserted in the state court action but also "other matters pertaining to Air-Ride and Fortress," Robon's testimony regarding the negotiation of the Settlement Agreement may be relevant and material to the first cause of action. However, Defendant has not set forth any facts from which the court could conclude that Robon's testimony regarding the negotiation is unobtainable from other sources. According to Plaintiff, such testimony could be obtained from the parties themselves and from the attorney who previously represented Defendant in negotiating the Settlement Agreement. To the extent that other attorneys in his law firm might testify as necessary witnesses, Rule 3.7(b) permits Robon to continue to represent Plaintiff except in situations involving a conflict of interest. Defendant has shown neither the necessity of such testimony nor a conflict of interest. Accordingly, the court finds that disqualification under Rule 3.7 is not appropriate.

Second, Defendant argues that Robon should be disqualified under Rule 1.7, which provides that a lawyer's continued representation of a client creates a conflict of interest if either of the following applies:

> (1) the representation of that client will be directly adverse to another current client;
>
> (2) there is a *substantial* risk that the lawyer's ability to consider, recommend, or carry

4

> out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests. (emphasis in original).

Specifically, Defendant argues that Plaintiff's second and third causes of action are shareholder derivative actions that belong to Fortress, not Plaintiff, and that a conflict exists because Plaintiff's interests are adverse to the corporate interests of Fortress. This argument is without merit. The second and third causes of action are clearly brought on behalf of Plaintiff. Fortress is not a party in the proceeding. As Plaintiff correctly argues, Plaintiff's standing (or lack thereof) to bring these claims on his own behalf may be a proper basis for moving to dismiss the claims, but it is not a basis for moving to disqualify counsel.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Disqualify Marvin A. Robon and the Law Firm of Barkan & Robon, Ltd., [Doc. # 12] be, and hereby is, **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file any opposition to Defendant's Motion to Dismiss on or before 14 days after the date of entry of this order.