**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: February 21 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 09-30996 |
| | ) | |
| Albert L. Mackey, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 09-3109 |
| | ) | |
| Stephen Sapp, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Albert L. Mackey, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF DECISION AND ORDER DENYING
## MOTION TO DISQUALIFY

This adversary proceeding is before the court on Defendant's Motion to Disqualify Marvin A. Robon and the Law Firm of Barkan & Robon, Ltd., ("Motion to Disqualify") [Doc.# 94], and Plaintiff's Memorandum in Opposition [Doc.# 97]. At a hearing on February 8, 2013, at which counsel for Plaintiff and Defendant attended in person, the parties presented oral argument.

Defendant is representing himself as a pro se debtor in the underlying Chapter 7 bankruptcy case. In his complaint, Plaintiff seeks an order excepting from discharge a debt allegedly owed to him by Defendant and determining the validity of a mortgage. Defendant argues that litigation of issues raised in the complaint will require the testimony of Marvin A. Robon ("Robon"), Plaintiff's attorney, and other

attorneys in the law firm of Barkan & Robon.

## BACKGROUND

Upon motion to dismiss filed by Defendant, the court dismissed Plaintiff's first and second causes of action to the extent brought under 11 U.S.C. § 523(a)(4) as well as Plaintiff's third cause of action in its entirety. As a result, the only causes remaining before the court are Plaintiff's first and second causes of action to the extent brought under 11 U.S.C. § 523(a)(6) and Plaintiff's fourth cause of action.

Plaintiff's first cause of action alleges that Defendant willfully and maliciously injured Plaintiff when Defendant failed to make all payments due under a settlement agreement ("Settlement Agreement"). The Settlement Agreement was drafted after Plaintiff obtained a jury verdict in an action brought in state court. The purpose of the Settlement Agreement was to resolve the matters determined by the jury and avoid an appeal.

Plaintiff's second cause of action arises from the business relationship between Plaintiff and Defendant in which Plaintiff and Defendant each own fifty percent of the shares of common stock of Fortress Properties, Inc. ("Fortress") In his second cause, Plaintiff alleges that Defendant willfully and maliciously injured Plaintiff when Defendant failed to pay to Plaintiff his share of proceeds from a sale of real property owned by Fortress.

In Plaintiff's fourth cause of action, Plaintiff seeks a declaratory judgment that a mortgage on Defendant's residence that was granted to Plaintiff by Defendant to assure payment under the Settlement Agreement is valid and enforceable notwithstanding Defendant's attempt to obtain a release of Plaintiff's mortgage.

## DISCUSSION

The "rules regulating attorney conduct in federal court are strictly a matter of federal law." *Sheridan v. Michels (In re Sheridan)*, 362 F.3d 96, 109 n.16 (1st Cir. 2004); *see In re Desilets*, 291 F.3d 925, 931 (6th Cir. 2002). But neither party has directed the court to and the court is not aware of any federal statutes or rules or common law that provide specific federal standards for attorney disqualification on the grounds of status as a witness. The Local Bankruptcy Rules of the Northern District of Ohio provide that "[a]ttorneys admitted to practice in this Court shall be bound by the ethical standards of the Ohio Rules of Professional Conduct adopted by the Supreme Court of the State of Ohio, so far as they are not inconsistent with federal law." Local Bankr. R. 2090-2(a). Since there are no relevant federal bankruptcy or other standards that govern the issue before the court, the court will apply the Ohio Rules of Professional Conduct as directed by the applicable local rules of practice. *See In re Desilets*, 291 F.3d at 929 (federal rules often reference state rules in their requirements, but need not do so); *Chimko v. Lucas (In re Lucas)*, 317 B.R. 195, 200 (D.

Mass. 2004) (applicable federal law incorporates state law, including Massachusetts Rules of Professional Conduct).

Ohio courts have recognized that the "disqualification of an attorney is a drastic measure that should not be taken unless absolutely necessary." *Brown v. Spectrum Networks, Inc.*, 180 Ohio App. 3d 99, 103 (2008); *Spivey v. Bender*, 77 Ohio App. 3d 17, 22 (1991). The burden of proving that disqualification is necessary is on the moving party. *Brown*, 180 Ohio App. 3d at 104. Defendant moves for disqualification of Robon and the Law Firm of Barkan & Robon under Rule 3.7 of the Ohio Rules of Professional Conduct.

Rule 3.7 provides in relevant part:

> (a)     A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case;
> (3) the disqualification of the lawyer would work *substantial* hardship on the client. (emphasis in original).
>
> (b) A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's *firm* is likely to be called as a witness unless precluded from doing so by Rule 1.7 or 1.9. (emphasis in original).

In order to meet the necessary witness requirement under Rule 3.7, Defendant must demonstrate that Robon's testimony "is relevant and material to the issues being litigated and unobtainable elsewhere." *Brown*, 180 Ohio App. 3d at 105.

Defendant argues that Robon and the law firm of Barkan & Robon should be disqualified on the basis that testimony will be required from Robon at trial and that the information is unobtainable elsewhere as the facts are unique and solely known by Robon and the members of Robon's law firm. [Doc.# 94]. Defendant asserts that the set of unique facts includes information relating to negotiations that occurred when the parties were drafting the Settlement Agreement.

While the court acknowledges that Robon may have personal knowledge relevant to the case at bar, Defendant has not set forth any facts from which the court could conclude that Robon's testimony regarding the negotiation of the Settlement Agreement, to the extent such testimony is even relevant, is unobtainable from other sources. Although Robon may have assisted with the drafting of the Settlement Agreement, others, including Plaintiff and attorneys representing him at the time, could testify regarding such negotiations.

In addition to the fact that the information sought is able to be obtained elsewhere, much of the

information that Defendant plans to elicit from Robon at trial is irrelevant to the current case. Rule 401 of the Federal Rules of Evidence states:

> Evidence is relevant if:
>
> (a)    it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b)    the fact is of consequence in determining the action.

At the February 8, 2013, hearing, Defendant provided the court with a list of several questions that he believes are relevant and solely answerable by calling Robon as a witness. In addition to questions concerning the negotiation of the Settlement Agreement, Defendant seeks to question Robon regarding certain procedures and events that occurred in connection with the prior state court action, certain mediation proceedings, as well as questions regarding facts that are not in dispute or of which Defendant testified at his deposition that he has no knowledge. After hearing arguments by both parties, the court determined that all of the testimony that Defendant seeks to present to the court through direct examination of Robon is either unnecessary as it is obtainable from other sources or because there is no counterclaim alleged and Defendant has no burden of proof in this proceeding, or is simply irrelevant as it is not probative of any fact of consequence in determining any issue to be decided in this proceeding.

**THEREFORE**, for the foregoing reasons and for reasons otherwise stated on the record at the February 8, 2013, hearing, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Disqualify Marvin A. Robon and the Law Firm of Barkan & Robon, Ltd., [Doc. # 94] be, and hereby is, **DENIED**.

###